**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

BARBARA BOYD and ZACHARY
BOYD, individually, and on behalf of all
others similarly situated,

      Plaintiffs,

Case No: 1:21-cv-00323-RLY-DLP

v.

COMENITY BANK,

      Defendant.

**CASE MANAGEMENT PLAN**

**I.**    <u>**Parties and Representatives**</u>

    A.    Plaintiffs, Barbara Boyd and Zachary Boyd
          Defendant, Comenity Bank

    B.

| **Counsel for Plaintiffs** | **Counsel for Comenity Bank** |
| --- | --- |
| Mohammed Omar Badwan | |
| Victor T. Metroff | Anna-Katrina S. Christakis |
| Sulaiman Law Group, Ltd. | James J. Morrissey |
| 2500 South Highland Avenue | Pilgrim Christakis LLP |
| Suite 200 | 321 North Clark Street, 26th Floor |
| Lombard, Illinois 60148 | Chicago, Illinois 60654 |
| Phone: 630-575-8180 | Ph.: (312) 280-0441 |
| Fax: 630-575-8188 | Fax: (312) 939-0983 |
| mbadwan@sulaimanlaw.com | kchristakis@pilgrimchristakis.com |
| vmetroff@sulaimanlaw.com | jmorrissey@pilgrimchristakis.com |

**II.**    <u>**Jurisdiction and Statement of Claims**</u>

    A.    **Basis for Jurisdiction**: Federal question jurisdiction pursuant to 28 U.S.C.§1331
          as Plaintiffs allege violations of the Telephone Consumer Protection Act
          ("TCPA"), 47 U.S.C. §227 *et seq*.

B.   **Plaintiffs' Claims:** Plaintiffs allege that Defendant violated the TCPA by placing collection calls to Plaintiffs' cellular phones in an attempt to collect a debt owed by a third party using an artificial or prerecorded voice without Plaintiffs' consent. In addition to their individual claims, Plaintiffs bring class claims against Defendant. The putative class is defined as follows:

All persons residing in the United States: (a) whom do not have an existing account with Defendant; (b) to whom Defendant or a third party acting on Defendant's behalf, placed a phone call to his/her cellular phone number; (c) utilizing an artificial or prerecorded voice; (d) in connection with a debt allegedly owed by a third party; (e) at any time in the period that begins four years before the date of the filing of the original complaint through the date of class certification.

C.   **Defendant's Claims/Defenses:** Comenity Bank ("Comenity") denies that it placed any calls to Plaintiffs regarding a debt owed by a third party using an artificial or prerecorded voice. Additionally, Plaintiffs proposed class cannot be certified under Federal Rule of Civil Procedure 23 because common issues of fact do not predominate over the questions affecting individual members. Indeed, Plaintiff Barbara Boyd is not even a member of the class she seeks to represent as she has an existing Comenity credit card account.

III.   **Pretrial Pleadings and Disclosures** Comenity contends that no case management plan should be entered at this time as Comenity has not responded to the Complaint and the parties are engaged in discussions that could resolve parts or all of this case. Comenity's answer to the Complaint is due on May 31st, 2021.
Plaintiff has no objection to refraining from a case management plan being entered until Comenity's answer due date of May 31, 2021.

 If the Court enters a case management plan, the parties suggest the following deadlines:

A.   Rule 26(a)(1) Disclosures: to be exchanged by **June 10, 2021**.

B.   Plaintiffs shall file preliminary witness and exhibit lists on or before **June 17, 2021**.

C.   Defendant(s) shall file preliminary witness and exhibit lists on or before **June 24, 2021**.

D.   All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **July 8, 2021**.

E.   Plaintiff(s) shall serve Defendant(s) (but not file with the Court) a statement of special damages, if any, and make a settlement proposal, on or before

2

**July 8, 2021**.  Defendant(s) shall serve on the Plaintiff(s) (but not file with the Court) a response thereto within 30 days after receipt of the proposal.

F.   Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **November 30, 2021**. Defendant(s) shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **December 30, 2021**; or if Plaintiff has disclosed no experts, Defendant(s) shall make its expert disclosure on or before **December 30, 2021**.

G.   Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline.  If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment.  The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines.  Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the Court.

H.   Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **February 28, 2021**. Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I.   All parties shall file and serve their final witness and exhibit lists on or before **April 8, 2022**.  This list should reflect the specific potential witnesses the party may call at trial.  It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements.  The list of final witnesses shall include a brief synopsis of the expected testimony.

J.   Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.   Discovery of electronically stored information ("ESI").  If either party is seeking the production of a substantial volume of ESI, then complete the ESI Supplement to the Report of the Parties' Planning Meeting (also available in MS Word on the court's website at http://www.insd.uscourts.gov/case-management-plans).

If the parties believe that a substantial volume of ESI will not be produced in the case, the parties should include herein a brief description of the information anticipated to be sought in discovery in the case and include (1) the parties'

agreement regarding the format in which ESI will be produced (including whether the production will include metadata), (2) a description of any other issues the parties believe may be relevant to discovery in the case, and (3) either the following claw back provision or the language of any alternative provision being proposed:

> In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

**IV.    <u>Discovery[1] and Dispositive Motions</u>**

Due to the time and expense involved in conducting expert witness depositions and other discovery, as well as preparing and resolving dispositive motions, the Court requires counsel to use the CMP as an opportunity to seriously explore whether this case is appropriate for such motions (specifically including motions for summary judgment), whether expert witnesses will be needed, and how long discovery should continue. To this end, counsel must select the track set forth below that they believe best suits this case. If the parties are unable to agree on a track, the parties must: (1) state this fact in the CMP where indicated below; (2) indicate which track each counsel believes is most appropriate; and (3) provide a brief statement supporting the reasons for the track each counsel believes is most appropriate. If the parties are unable to agree on a track, the Court will pick the track it finds most appropriate, based upon the contents of the CMP or, if necessary, after receiving additional input at an initial pretrial conference.

A.    Does any party believe that this case may be appropriate for summary judgment or other dispositive motion? **Defendant intends on filing a motion for summary**

---

[1]   The term "completed," as used in Section IV.C, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

**judgment.** The basis for summary judgment will be Comenity did not call Plaintiffs regarding a debt owed by a third party using an artificial or prerecorded voice.

B.    On or before **February 8, 2022** and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based.

C.    Select the track that best suits this case:

_____ Track 1: No dispositive motions are anticipated.  All discovery shall be completed by _____ [no later than 16 months from Anchor Date].  [Note: Given that no dispositive motions are anticipated, the parties should consider accelerating discovery and other pretrial deadlines to the extent practicable and suggest a substantially earlier trial date (Section VI). The Court encourages a track faster than the standard track in all cases in which dispositive motions are not anticipated].

____X_____ Track 2: Dispositive motions are expected and shall be filed by April 8, 2022; non-expert witness discovery and discovery relating to liability issues shall be completed by  **December 8, 2021**; expert witness discovery and discovery relating to damages shall be completed by February 28, 2022All remaining discovery shall be completed by no later than **February 28, 2022**.

_____ Track 3: Dispositive motions shall be filed by _____ [not later than 13 months from the Anchor Date]; non-expert discovery shall be completed by _____; expert witness discovery shall be completed by _____. [Note: The Court provides Track 3 as an open option because it recognizes that there may be unusual cases for which special circumstances necessitate additional flexibility.  However, the Court has found that Tracks 1 and 2 are appropriate in the large majority of cases, and therefore the parties must briefly state below the special circumstances justifying a departure from Tracks 1 and 2.]

Absent leave of Court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.

## V.    **Pre-Trial/Settlement Conferences**

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time.  The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery.    **The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement.  The parties recommend a settlement conference in November 2021.**

**VI.**     <u>**Trial Date**</u>

The parties request a trial date in **August 2022**. The trial is by **jury** and is anticipated to take **3 days**. Counsel should indicate here the reasons that a shorter or longer track is appropriate. While all dates herein must be initially scheduled to match the presumptive trial date, if the Court agrees that a different track is appropriate, the case management order approving the CMP plan will indicate the number of months by which all or certain deadlines will be extended to match the track approved by the Court.

**VII.**     <u>**Referral to Magistrate Judge**</u>

A.     **Case**. At this time, all parties **do not** consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for all further proceedings including trial.

B.     **Motions**. The parties **do not** consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand.

**VIII.**     <u>**Required Pre-Trial Preparation**</u>

A.     **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.     File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to Section III.I.

2.     Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

3.     Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

4.     A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

a.     brief written summaries of the relevant facts in the depositions that will be offered. (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading

depositions in a question and answer format, this is strongly encouraged.); or

    b.    if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5.    Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6.    Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

**B.    ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.    Notify opposing counsel in writing of any objections to the proposed exhibits.  If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2.    If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing.  Any objections shall be made in the same manner as for proposed exhibits.  However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3.    File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4.    Notify the Court and opposing counsel of requests for separation of witnesses at trial.

IX.     **Other Matters**

None.


Dated: May 11, 2021


_/s/  Victor T. Metroff_                    /s/ _James J. Morrissey_____
Mohammed O. Badwan                  Anna-Katrina S. Christakis
Victor T. Metroff                         James J. Morrissey
SULAIMAN LAW GROUP, LTD.        Pilgrim Christakis LLP
2500 South Highland Avenue            321 North Clark Street, 26th Floor
Suite 200                                Chicago, Illinois 60654
Lombard, Illinois 60148                 Ph.: (312) 280-0441
Phone: 630-575-8180                     Fax: (312) 939-0983
Fax: 630-575-8188                       kchristakis@pilgrimchristakis.com
mbadwan@sulaimanlaw.com                 jmorrissey@pilgrimchristakis.com
vmetroff@sulaimanlaw.com

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
| | APPROVED AS SUBMITTED. |
| | APPROVED AS AMENDED. |
| | APPROVED AS AMENDED PER SEPARATE ORDER. |
| | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
| | THIS MATTER IS SET FOR TRIAL BY_____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT _____.M., ROOM _____. |
| | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____AT _____.M.  COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE  COURT JUDGE AT (____) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE  JUDGE'S STAFF AT (____) _____; |
| | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |

9

Upon approval, this Plan constitutes an Order of the Court.  Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Fed. R. Civ. P. 16-1(f), to and including dismissal or default.

**APPROVED AND SO ORDERED.**

_____          _____
Date                                                          U. S. District Court
                                                               Southern District of Indiana

10