UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPLOLIS DIVISION

| | |
|---|---|
| BARBARA BOYD and ZACHARY BOYD, individually, and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>COMENITY BANK,<br><br>Defendant. | Case No. 1:21-cv-00323-RLY-DLP<br><br>Honorable Judge Richard L. Young |

FIRST AMENDED CLASS ACTION COMPLAINT

**NOW COME**, BARBARA BOYD and ZACHARY BOYD, individually, and on behalf of all others similarly situated, by and through their undersigned counsel, complaining of COMENITY BANK, as follows:

NATURE OF THE ACTION

1. Plaintiffs bring this action seeking damages as well as injunctive relief for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq*.

2. "The primary purpose of the TCPA was to protect individuals from the harassment, invasion of privacy, inconvenience, nuisance, and other harms associated with unsolicited, automated calls." *Parchman v. SLM Corp.,* 896 F.3d 728, 738-39 (6th Cir. 2018) *citing* Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2, 105 Stat. 2394 (1991).

JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

4. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. BARBARA BOYD ("Barbara") and ZACHARY BOYD ("Zach") (collectively, "Plaintiffs") are natural persons, over 18-years-of-age, who at all times relevant resided in this federal jurisdiction.

6. Plaintiffs are "person[s]" as defined by 47 U.S.C. § 153(39).

7. COMENITY BANK ("Defendant") is a corporation organized under the laws of the State of Delaware.

8. Defendant is a banking institution that provides banking and financial services to consumers nationwide.

9. Defendant is a prominent credit card issuer and issues credit cards to consumers nationwide.

10. Defendant maintains its principal place of business in Wilmington, Delaware.

11. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

12. Defendant conducts business in the State of Indiana and is registered with the Indiana Secretary of State.

## FACTUAL ALLEGATIONS

13. At all times relevant, Barbara was the sole operator, possessor, and subscriber of the cellular telephone number ending in 2478.

14. At all times relevant, Barbara's number ending in 2478 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

15. At all times relevant, Barbara was financially responsible for her cellular telephone equipment and services.

16. At all times relevant, Zach was the sole operator, possessor, and subscriber of the cellular telephone number ending in 1774.

17. At all times relevant, Zach's number ending in 1774 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

18. At all times relevant, Zach was financially responsible for his cellular telephone equipment and services.

19. In early 2020, Defendant began placing prerecorded calls to Plaintiffs' cellular phones in an attempt to collect a debt allegedly owed by Zach's relative.

20. Upon answering Defendant's calls, Plaintiffs were greeted with prerecorded messages stating (1) "*This is a message from Comenity Bank. Please make it a priority to return this call today regarding a matter of personal importance*" or (2) "*Please hold for the next available representative*."

21. In calls that Plaintiffs did not answer, Defendant would leave voicemails on Plaintiffs' cellular phones containing the same prerecorded messages described above.

22. Frustrated with Defendant's robocalls, Plaintiffs individually contacted Defendant to determine the reason for Defendant's calls.

23. Upon speaking with a representative, Plaintiffs were informed that Defendant was attempting to contact Zach's relative who allegedly owed a debt to Defendant.

24. Plaintiffs explained to Defendant's representative that their phone numbers do not belong to Zach's relative and requested that Defendant cease its intrusive calls.

25. Despite Plaintiffs' requests that the calls cease, Defendant continued placing robocalls to Plaintiffs' cellular phones in an attempt to reach Zach's relative.

26. In total, Defendant placed no less than twenty (20) phone calls to Plaintiffs' cellular phone numbers utilizing a prerecorded voice after Plaintiffs requested that the calls cease, including calls from the phone number (800) 520-1551.

27. Upon information and belief, Defendant's phone calls were part of Defendant's nefarious scheme to collect delinquent accounts. Specifically, Defendant's scheme consists of the strategic placement of phone calls to delinquent consumers' relatives and acquaintances in an effort to pressure the delinquent consumers to make payment on their accounts to avoid the embarrassment and humiliation of being perceived as "deadbeats" by their relatives and acquaintances.

## DAMAGES

28. Plaintiffs significantly value their privacy and solitude.

29. Defendant's unwanted phone calls were highly intrusive and were a nuisance to Plaintiffs

30. Moreover, Defendant's phone calls were especially troubling considering they continued after Plaintiffs requested that the calls cease.

31. Defendant's intrusive phone calls invaded Plaintiffs' privacies and have caused Plaintiffs actual harm, including but not limited to, aggravation that accompanies unsolicited robocalls, increased risk of personal injury resulting from the distraction caused by the robocalls, wear and tear to Plaintiffs' cellular phones, loss of battery charge, loss of concentration, loss of time calling Defendant to request that the calls cease, nuisance, and wasting Plaintiffs' time each time Defendant caused Plaintiffs' cellular phones to ring.

32. Moreover, each time Defendant placed a telephone call to Plaintiffs, Defendant occupied Plaintiffs' cellular phones such that Plaintiffs were unable to receive other phone calls or otherwise utilize their cellular phones while their phones were ringing.

33. Due to Defendant's refusal to comply with Plaintiffs' requests that the calls cease, Plaintiffs were forced to retain counsel to compel Defendant to cease its intrusive collection practices.

## CLASS ALLEGATIONS

34. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

35. Plaintiffs bring this action pursuant to Fed. R. Civ. P. 23(b)(2) and 23(b)(3) individually, and on behalf of all others similarly situated ("Putative Class") defined as follows:

> All persons residing in the United States: (a) to whom Defendant or a third party acting on Defendant's behalf, placed a phone call to his/her cellular phone number; (b) utilizing an artificial or prerecorded voice; (c) in connection with a debt allegedly owed by a third party; (d) at any time in the period that begins four years before the date of the filing of the original complaint through the date of class certification.

36. The following individuals are excluded from the Putative Class: (1) any Judge or Magistrate Judge presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiffs' attorneys; (4) persons who properly execute and file a timely request for exclusion from the Putative Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released.

**A.     Numerosity**

37.     The exact number of members of the Putative Class is unknown and not available to Plaintiffs at this time, but it is clear that individual joinder is impracticable.

38.     Upon information and belief, Defendant made phone calls to thousands of consumers who fall within the definition of the Putative Class.

39.     Members of the Putative Class can be objectively identified from the records of Defendant and any affiliated vendors to be gained through targeted discovery.

**B.     Commonality and Predominance**

40.     There are many questions of law and fact common to the claims of Plaintiffs and the Putative Class, and those questions predominate over any questions that may affect individual members of the Putative Class.

**C.     Typicality**

41.     Plaintiffs' claims are typical of members of the Putative Class because Plaintiffs and members of the Putative Class are entitled to damages as a result of Defendant's conduct.

**D.     Superiority and Manageability**

42.     This case is also appropriate for class certification as class proceedings are superior to all other available methods for the efficient and fair adjudication of this controversy.

43.     The damages suffered by the individual members of the Putative Class will likely be relatively small, especially given the burden and expense required for individual prosecution.

44.     By contrast, a class action provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court.

45.     Economies of effort, expense, and time will be fostered and uniformity of decisions ensured.

### E. Adequate Representation

46. Plaintiffs will adequately and fairly represent and protect the interests of the Putative Class.

47. Plaintiffs have no interests antagonistic to those of the Putative Class and Defendant has no defenses unique to Plaintiffs.

48. Plaintiffs have retained competent and experienced counsel in consumer class action litigation.

### COUNT I
### Violations of the Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)
### (On behalf of Plaintiffs and members of the Putative Class)

49. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

50. Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii) by placing or causing to be placed no less than twenty (20) non-emergency calls to Plaintiffs' cellular telephone numbers, utilizing an artificial or prerecorded voice, without Plaintiffs' consent.

51. As pled above, Defendant utilized an artificial or prerecorded voice that automatically played upon Plaintiffs answering the call or the call reaching Plaintiffs' voicemail.

52. Plaintiffs never provided Defendant with consent to place calls to their cellular phones in connection with Zach's relative's account.

53. As pled above, Plaintiffs were harmed by Defendant's invasive calls to their cellular phones.

54. Upon information and belief, Defendant does not maintain policies and procedures designed to ensure compliance with the TCPA.

55. As pled above, Defendant's phone calls were deliberately placed to non-debtors in an attempt to compel payment on delinquent accounts owed by an acquaintance or relative of the non-debtors.

56. Accordingly, it is clear that Defendant had actual knowledge it did not have consent to place such calls, but did so in utter disregard of the TCPA.

57. Upon information and belief, Defendant knew its unlawful practice of calling non-debtors was in violation of the TCPA, yet deliberately employed such practice to maximize revenue and profits.

**WHEREFORE**, Plaintiffs, on behalf of themselves and the members of the Putative Class, request the following relief:

A. an order granting certification of the proposed class, including the designation of Plaintiffs as the named representatives, and the appointment of the undersigned as Class Counsel;

B. an order finding that Defendant violated the TCPA;

C. an order enjoining Defendant from placing further violating calls to non-debtors;

D. an award of $500.00 in damages to Plaintiffs and the members of the Putative Class for each such violation;

E. an award of treble damages up to $1,500.00 to Plaintiffs and the members of the Putative Class for each such violation; and

F. an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiffs demand a trial by jury.

| | |
|---|---|
| Date: May 28, 2021 | Respectfully submitted,<br><br>**BARBARA BOYD**<br>**ZACHARY BOYD**<br><br>By: */s/ Mohammed O. Badwan*<br><br>Mohammed O. Badwan, Esq.<br>Victor T. Metroff, Esq.<br>*Counsel for Plaintiffs*<br>Sulaiman Law Group, Ltd.<br>2500 S. Highland Ave, Suite 200<br>Lombard, IL 60148<br>Telephone: (630) 575-8180<br>mbadwan@sulaimanlaw.com<br>vmetroff@sulaimanlaw.com |